FREDERICK PECK, Appellant, v. THE PHŒNIX INSURANCE COMPANY, Respondent.

Supreme Court, First Department, General Term, May 24, 1889.

Costs. Security for.—Where the amount of security for costs previously filed by plaintiff will not be sufficient to indemnify defendant against costs, the appellate court will not interfere with the exercise of the special term's discretion in requiring additional security to be given, even though the plaintiff has recovered a verdict for a large amount, where the trial court has ordered the defendant's exceptions heard at the first instance at the general term.

Appeal from an order, requiring the plaintiff to give additional security for costs, and staying his proceedings in the meantime.

J. A. Shoudy, for appellant.

George A. Black, for respondent.

MACOMBER, J.—Should the case finally go against the plaintiff, it is clear, from the appeal book, that the amount of security heretofore filed would not be sufficient to indemnify the defendant against costs. It is true that the plaintiff has, at the end of the fourth trial, obtained a verdict for upwards of $10,000. No judgment, however, has been entered thereon, but the learned trial judge directed the exceptions to be heard at the general term, in the first instance. There is, therefore, no determination by the court that the plaintiff is right in his contention. It is true that the verdict carries with it every intendment in favor of the plaintiff's ultimate success, so far as the facts are involved, but there was doubtless in the mind of the learned judge a doubt as to some important questions of law involved, and hence it appeared that the case was not so clearly in favor of the plaintiff as to warrant a judgment in his favor until the general term had so adjudicated.

Under these circumstances, we are not disposed to interfere with the exercise of the discretion of the special term, in requiring additional security to be given.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, Ch. J., and BARTLETT, J., concur.

---

MORRIS SAFFER, Respondent, *v.* THE DRY DOCK, EAST BROADWAY, ETC., R. R. CO., Appellant.

*Supreme Court, First Department, General Term, May* 24, 1889.

1. *Question of fact. Negligence.*—Where the evidence is conflicting, in an action for injuries on the ground of negligence, as to the cause of the accident, it is for the jury to decide which of the conflicting theories is best recommended by the evidence to their judgment.

2. *Negligence. Contributory.*—The plaintiff is guilty of contributory negligence, if he does anything in the way of getting off the car, which helps, or contributes, to bring about the injury.

3. *Same. Right of passenger.*—Passengers are not obliged to leave a car until it has been brought to a stand, and have a right to insist upon this privilege, and thus guard and protect themselves against a class of accidents which result from endeavoring to leave the car while it is in motion.

4. *Evidence. Special damage.*—Where special damages are not alleged in the complaint, proof, against specific objection, that the plaintiff was prevented, by the disability which the accident produced, from carrying on his business, is incompetent on the trial of an action for personal injuries on the ground of negligence.

5. *Same. Speed.*—In such an action, the plaintiff has the right to resort to proof as to the rate the defendant's cars were propelled in passing curves, in order to meet the defense that its cars never passed over a curve in the manner described by him.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*John M. Scribner,* for appellant.